UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| JAMES CASTALDO (#2008-0051422), | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 09 C 3751 |
| v. | ) ) | Judge Charles R. Norgle, Sr. |
| THOMAS J. DART, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, James Castaldo, filed suit, *pro se*, against Defendants, Sheriff Thomas Dart, Sergeant Sandefur, and Paramedic Moore, alleging deliberate indifference to his serious medical needs and intentional infliction of emotional distress. Presently before the Court is the Defendants' motion for summary judgment. For the reasons stated in this order, Defendants' motion for summary judgment is granted.

## LEGAL STANDARD

Summary judgment shall be granted " if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009), *citing Anderson v. Liberty Lobby*, 477

U.S. 242, 249-50 (1986).

However, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010), *quoting Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). This notice clearly sets out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Plaintiff's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain:
>
> (A) numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed, and
>
> (B) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including

> references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b). The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs").

Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994); *Fischer v. Ameritech*, No. 98 C 7470, 2002 WL 1949726, *4 (N.D. Ill. Aug. 23, 2002) (Pallmeyer, J.). Despite being given this notice, Plaintiff's response to Defendants' motion is deficient.

Plaintiff filed a response to Defendants' proposed statements of fact. Plaintiff "agrees" with most of the proposed statements of fact and does not specifically deny any of the proposed statements of fact. Plaintiff includes some additional comments/statements in his response to some of the proposed statements of fact but those comments statements are not supported by any supporting materials and they do not actually rebut the proposed statements of fact. Thus, these additional comments/statements are not in compliance with Rule 56.1(b)(3). Accordingly, Defendants' proposed statements of fact are deemed admitted. *See Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008); L.R. 56.1(b)(3)(B). However, because Plaintiff is proceeding *pro se*, the Court will consider the factual assertions he does make in his response, but only to the extent that he could properly testify about the matters asserted at trial – that is, only with respect to those facts

3

within Plaintiff's personal knowledge. See Fed. R. Evid. 602.

Plaintiff also seeks an extension of time to respond to Defendants' motion for summary judgment at the end of his response. Plaintiff has already been granted one extension of time to file his response to the motion for summary judgment, providing Plaintiff eight weeks to respond to the motion. Plaintiff states he needs additional time to "look up and understand Local Rule 56, to answer the proposed statements of fact, to re-review the exhibits, and to find out "who called for medical and what time the call was made." Plaintiff has had ample to time to respond to the pending motion and he has in fact responded. Plaintiff does not dispute the medical records that support Defendants' motion for summary judgment or the timing of the medical care he received. Accordingly, Plaintiff's request for additional time is denied.

## UNDISPUTED FACTS

Plaintiff entered Cook County Jail in July 2008. (Defs.' 56.1(a)(3) Statement 56.1(a)(3) ¶ 9.) Plaintiff was not taking any prescribed medications at that time. (*Id.*) Plaintiff has been housed in Division One, Tier 1-G, a maximum security division, since arriving at the jail. (*Id.*, ¶ 10.)

On March 24, 2009, Plaintiff was 49 years old. (Defs.' 56.1(a)(3) Statement ¶ 11.) On that day, Plaintiff began to experience stomach pains at approximately 2:30 a.m. (*Id.*, ¶ 12.) Plaintiff believed that he may have had to use the bathroom to make a bowel movement, but when that was unsuccessful, the pain continued to get worse. (*Id.*, ¶ 13.) At approximately 3:30 a.m., Plaintiff asked his cellmate, and two other detainees who were handing out breakfast trays, to call an officer for assistance. (*Id.*, ¶ 14.) Officer Maglaya came to Plaintiff's cell in response to his request and Plaintiff informed Officer Maglaya that he was having stomach pains. (*Id.*, ¶ 15.) Officer Maglaya immediately called for a sergeant to assess the situation and to get help for Plaintiff. (*Id.*, ¶ 16.)

4

Officer Maglaya told Plaintiff that he had called the sergeant's office twice, but nobody answered the phone, so Officer Maglaya told Plaintiff he was going to go downstairs to get help. (*Id.*, ¶ 17.) After Officer Maglaya left Plaintiff's cell area, Plaintiff did not see him again that day. (*Id.*, ¶ 18.)

At approximately 4:10 a.m., Sergeant Sandefur came to Plaintiff's cell and Plaintiff told him that he had stomach pain and that he needed medical attention. (Defs.' 56.1(a)(3) Statement ¶ 19.) According to Plaintiff, Sergeant Sandefur was outside of his cell for approximately a minute and told Plaintiff that he had picked a bad time to get sick because it was almost shift change. (*Id.*, ¶ 20.) At the time that Sergeant Sandefur spoke to Plaintiff, Plaintiff was lying down on his bed. (*Id.*, ¶ 21.) Plaintiff was pale but he had no physical signs of illness. (*Id.*) Plaintiff had no further contact with Sergeant Sandefur at any time. (*Id.*, ¶ 22.)

Between 4:15 and 4:30 a.m., an officer from another tier, Officer Heidorn, came to Plaintiff's cell and told Plaintiff to get dressed. (Defs.' 56.1(a)(3) Statement ¶ 23.) Plaintiff got dressed and he was taken to the officer's control area where he met Lieutenant Kelly and Captain Pan. (*Id.*, ¶ 24.) Lieutenant Kelly immediately called for medical treatment for Plaintiff and waited with Plaintiff until the paramedics arrived. (*Id.*, ¶ 25.) At approximately 5:45 a.m., paramedics arrived and transported Plaintiff, via a wheelchair, to Cermak Hospital for medical treatment. (*Id.*, ¶¶ 26, 29.) Plaintiff coughed up blood once or twice while waiting for the paramedics. (*Id.*, ¶ 27.)

Plaintiff was admitted to Cermak Hospital at 6:18 a.m. (Defs.' 56.1(a)(3) Statement ¶ 31.) Plaintiff was immediately examined at Cermak Hospital and then transferred to Stroger Hospital, a hospital on Cook County Jail grounds. (*Id.*, ¶ 32.) Plaintiff received medical treatment in the emergency room at Stroger Hospital and was released back to Cook County at approximately 10:40 p.m. (*Id.*, ¶¶ 33, 37.) When Plaintiff left Stroger Hospital, he was in stable condition, he was able

5

to walk on his own, and his pain had decreased from a high of 10, on a scale of 1 to 10, down to a 2 or 3. (*Id.* at ¶ 34.) Plaintiff was not prescribed any medications for his stomach condition, but was told to follow up the next day. (*Id.*, ¶ 35.) When Plaintiff returned to Cook County Jail, the cause of his stomach pain was unknown, but the medical Staff at Stroger had ruled out appendicitis. (*Id.*, ¶ 38.)

On March 25, 2009, Plaintiff told Officer Smitty that his stomach pains were coming back. (Defs.' 56.1(a)(3) Statement ¶ 39.) Officer Smitty told Plaintiff that he would call for a paramedic. (*Id.*) At 9:00 a.m., on March 26, 2009, Plaintiff told Moore, a Correctional Medical Technician (also referred to as a paramedic) who was passing out medications on the tier, that his stomach pain had returned and that he was supposed to have had a follow-up medical visit the previous day. (*Id.*, ¶¶ 40-42.) Moore told Plaintiff he was on the sick call list and was scheduled to be seen by the doctor in the dispensary at 1:00 p.m. that same afternoon. (*Id.*, ¶ 43.) At 9:30 a.m. that same day, Plaintiff again told Officer Smitty that he was experiencing stomach pains and Officer Smitty immediately sent Plaintiff to the dispensary. (*Id.*, ¶ 44.) At the dispensary, Plaintiff was examined by Moore who gave him five Tylenol for his pain and sent him back to his tier. (*Id.*, ¶ 45.) Moore also told Plaintiff's escorting officer that Plaintiff was still on the 1:00 p.m. sick call list for that afternoon. (*Id.*, ¶ 46.)

At 1:00 p.m., Plaintiff was taken back to the dispensary and was treated by Nurse Reynolds and a doctor. (Defs.' 56.1(a)(3) Statement ¶ 47.) The doctor ruled out that Plaintiff's gallbladder was the problem and prescribed Plaintiff Motrin, antibiotics, and two additional medications for stomach pain before sending Plaintiff back to his tier. (*Id.*, ¶ 48.) Later that same afternoon, Plaintiff was again treated at the Cermak Hospital emergency room for stomach pain. (*Id.*, ¶ 49.)

6

During this visit, Plaintiff was told by the doctor that it appeared Plaintiff had either a gallbladder or urine infection. (*Id.*, ¶ 50.)

On March 28, 2009, Plaintiff received a five-day supply of his medications. (Defs.' 56.1(a)(3) Statement ¶¶ 51-52.) After taking his medications for one day, Plaintiff requested to be seen at sick call because he noticed swelling in his throat, hands and feet; a rash on his body; and the presence of suicidal thoughts. (*Id.*, ¶ 53.) Prior to this reaction to his medication, Plaintiff was not aware of any allergies he had to any medications. (*Id.*, ¶ 59.)

On March 31, 2009, Plaintiff was seen in the dispensary by a nurse and doctor. (Defs.' 56.1(a)(3) Statement ¶ 54.) The doctor prescribed a new antibiotic that Plaintiff received on April 1st or 2nd. (*Id.*, ¶ 55.) By April 4th or 5th, Plaintiff's no longer suffered any stomach pain. (*Id.*, ¶ 56.) Plaintiff did not require any additional medical treatment for his stomach condition. (*Id.*, ¶ 57.) On April 10, 2009, Plaintiff told a doctor about his suicidal thoughts and the doctor referred Plaintiff to see a psychologist and psychiatrist. (*Id.*, ¶ 60.) On April 14, 2009, Plaintiff was seen by both a psychologist and psychiatrist but he did not have any further suicidal thoughts and he did not require any additional consultations. (*Id.*, ¶ 61.)

On November 4, 2009, Plaintiff received an injury to his forearm after being hit with a bar of soap. (Defs.' 56.1(a)(3) Statement ¶ 62.) Plaintiff received medical treatment for the injury. (*Id.*, ¶ 63.) That same month, Plaintiff fell out of his bunk causing a cut above his left eye. (*Id.*, ¶ 64.) Plaintiff received three stitches at Cermak Hospital for the injury. (*Id.*) Plaintiff has never met Sheriff Dart and has never personally informed him of the allegations in this lawsuit. (*Id.*, ¶ 65.)

## ANALYSIS

Plaintiff brings individual capacity claims against all Defendants, alleging they were

7

deliberately indifferent to his serious medical needs.

Individual liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594. For a supervisor, the personal responsibility requirement of Section 1983 for an official is satisfied if the conduct causing the constitutional violation occurs at the supervisors direction or with his knowledge and consent. *See Hildebrandt v. Illinois Dep't of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). The supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some casual connection or affirmative link between the action complained about and the official sued is necessary for §1983 recovery." *Hildebrandt*, 347 F.3d at 1039 (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

Pretrial detainees have a right to adequate medical treatment under the Fourteenth Amendment. *See Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007). Claims of deliberate indifference to a serious medical need of a pretrial detainee under the Fourteenth Amendment use the same standard for deliberate indifference to a serious medical need applied to Eighth Amendment claims for convicted prisoners. *See Williams*, 509 F.3d at 401. A deliberate indifference claim includes both an objective and subjective element. *See Walker v. Benjamin*, 293

8

F.3d 1030, 1037 (7th Cir. 2002). As to medical care, "the objective element requires that the inmate's medical need be sufficiently serious" to implicate the Constitution. *Guiterrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

The subjective element requires that the prison official act with sufficiently culpable state of mind, "something akin to criminal recklessness." *Norfleet v. Webster*, 439 F.3d 392, 397 (7th Cir. 2006). The negligent or inadvertent failure to provide adequate medical care is not sufficient under because such a failure is not an "unnecessary and wanton infliction of pain" that is "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 106. However, a prisoner does not need to prove that the prison official "intended, hoped for, or desired the harm that transpired." *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996). Instead, it is sufficient if the prisoner demonstrates that the prison official actually knew of a substantial risk of harm to the prisoner and acted or failed to act in disregard to that risk. *See Walker*, 293 F.3d at 1037. An inmate can demonstrate that a prison official knew of a substantial risk of harm if the fact of that risk is obvious. *Id.* The court examines the totality of the medical care provided and isolated incidents of delay do not rise to the level of deliberate indifference. *See Walker v. Peters*, 233 F.3d 494, 501 (7th Cir. 2000); *Gutierrez*, 111 F.3d at 1374-75.

A medical need is "serious" if has been diagnosed by a physician as mandating treatment or it so obvious that even a lay person would recognize the necessity of medical treatment. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). The medical condition need not be life-threatening and includes a condition that could result in the unnecessary and wanton infliction of pain or result in further injury if not treated. *Id.*

Here, Plaintiff's medical condition, that included ongoing stomach pain, was diagnosed as

9

mandating treatment with prescription medications. Accordingly, Plaintiff has established that his medical condition was a serious medical condition for purposes of Section 1983 liability. *See Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999).

However, Plaintiff has failed to demonstrate that any of the Defendants acted with deliberate indifference to his medical needs. He has failed to demonstrate that Sheriff Dart was involved with his medical treatment or that he was even aware of his medical issues. Furthermore, Sheriff Dart cannot be held personally liable based solely on his role as Sheriff of Cook County. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based on a theory of respondeat superior).

Plaintiff has also failed to demonstrate that Sergeant Sandefur and Paramedic Moore acted with deliberate difference to his medical needs. On March 25, 2009, at approximately 4:10 a.m., Plaintiff informed Sergeant Sandefur that he was experiencing stomach pain. While Sergeant Sandefur told Plaintiff that he picked a bad time to get sick because it was almost shift change and left Plaintiff in his cell, Plaintiff did not have any signs of distress at the time and less than twenty minutes later another officer came to Plaintiffs cell to take him for medical treatment. Sergeant Sandefur had no further contact with Plaintiff or involvement in his subsequent medical care. Plaintiff cites to the delay in being taken to Cermak Hospital, at approximately 5:45 a.m., as evidence of deliberate indifference to his medical need. However, Plaintiff has failed to demonstrate that any of the named Defendants knew Plaintiff's condition required immediate medical attention or that they were involved in any manner in the one-hour time span it took for Plaintiff to be taken to Cermak Hospital. Plaintiff has failed to demonstrate that Sergeant Sandefur knew of a substantial risk of harm to Plaintiff or that he failed to act in disregard to that risk.

10

Similarly, Plaintiff has failed to demonstrate that Paramedic Moore was deliberately indifferent to Plaintiff's medical needs. Paramedic Moore became aware of Plaintiff's stomach pain the morning of March 26, 2009, when Plaintiff told her about his pain while she was handing out medications to detainees. Paramedic Moore told Plaintiff that he was scheduled to be seen at dispensary at 1:00 p.m. that same day. There is no indication that when Plaintiff spoke with Paramedic Moore he was in such distress that immediate medical attention was required. Later that same morning, Paramedic Moore treated Plaintiff in the dispensary for his stomach pain. Paramedic Moore provided Plaintiff pain medication and made sure that the correctional officer knew that Plaintiff was to return that afternoon for additional medical consultation. Plaintiff did receive received additional treatment for his stomach pain that same day and Paramedic Moore had no further contact with Plaintiff regarding his stomach pain. Plaintiff has failed to demonstrate that Paramedic Moore knew of a substantial risk of harm to Plaintiff or that she failed to act in disregard to that risk.

In his response to Defendants' motion, Plaintiff argues that Lieutenant Kelley was deliberately indifferent to his serious medical need because it took at least an hour for paramedics to arrive after he was taken to the officer's control area between 4:15 and 4:30 a.m. on March 24, 2009. However, Lieutenant Kelley is not a defendant in this action. Furthermore, Plaintiff has not demonstrated that the time it took the paramedics to arrive constituted deliberate indifference to his medical need. While Plaintiff coughed up blood once or twice while waiting for paramedics, Lieutenant Kelley knew that paramedics were on their way and there is no indication that Plaintiff's medical condition had worsened to a point were Lieutenant Kelley would have known that more immediate medical care was required.

Plaintiff also alleges that the inadequate medical care received for his stomach pain was resulted from a custom or policy of Sheriff Dart.

Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000).

Plaintiff has failed to demonstrate an unconstitutional policy or custom served to deny him medical treatment for his stomach condition. To the contrary – the undisputed facts show that Plaintiff received medical attention multiple times during the two-week period of his stomach condition and treatment regiment. Plaintiff received medications for his stomach condition and when the medication caused adverse side effects, the medication was changed. Following the treatment plan, Plaintiff did not suffer from further stomach pains. Based on the undisputed facts, no reasonable jury could find that Plaintiff did not receive proper medical care due to an unconstitutional policy or custom at Cook County Jail.

Because Plaintiff cannot succeed on his federal claim, the court need not address his state

law claim. However, Plaintiff has failed to put forth any evidence to support his intentional infliction of emotional distress claim. In order to prevail on his claim for intentional infliction of emotional distress, Plaintiff must prove: 1) the defendants' conduct was extreme and outrageous; 2) the defendants either intended that their conduct would cause severe emotional distress or knew that high probability existed that their conduct would cause severe emotional distress; and 3) the defendants' conduct actually caused severe emotional distress to Plaintiff. *See Feltmeier v. Feltmeier*, 207 Ill.2d 263, 268-69 (2003). Plaintiff has failed to demonstrate any of the required elements for his claim as to any Defendant.

In conclusion, no material facts are in dispute, and Defendants have established that they are entitled to judgment as a matter of law. No reasonable trier of fact could find that Defendants acted with deliberate indifference to the Plaintiff's serious medical needs, that he did not receive proper medical care due to an unconstitutional policy or custom, or that the Defendants' conduct constituted inflicted intentional emotional distress. Accordingly, Defendants' motion for summary judgment is granted.

If Plaintiff wishes to appeal this final judgment, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). The Plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or

failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [68] is granted. The Clerk is directed to enter judgment in favor of the Defendants. The case is terminated.

Dated: 10/26/11

Charles R. Norgle, Jr.
United States District Court Judge